UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

RICHARD D. MCBEE,                    )
                                     )
            Petitioner,              )
                                     )
v.                                   )    Nos.    4:06-CR-17-HSM-SKL-1
                                     )            4:16-CV-69-HSM
UNITED STATES OF AMERICA,            )
                                     )
            Respondent.              )

**MEMORANDUM OPINION**

Before the Court now is Petitioner's expedited motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 39]. Petitioner bases his most recent request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled to relief [Doc. 41]. For the reasons stated below, the motion [Doc. 39] will be **GRANTED.**

I.    **BACKGROUND**

In 2007, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 34]. Petitioner was ultimately deemed an armed career criminal under 18 U.S.C. § 924(e) based on a prior Texas conviction for burglary [Presentence Investigation Report ("PSR") ¶ 25], Florida conviction for burglary [*Id.* ¶ 26], Florida conviction for voluntary escape [*Id.* ¶¶ 27, 28], and Tennessee conviction for aggravated assault [*Id.* ¶ 36]. Consistent with his armed career criminal designation, Petitioner was sentenced to 180 months' imprisonment followed by four years' supervised release on September 27, 2007 [Doc. 36].

Petitioner did not appeal his conviction or sentence, and the judgment became final on October 11, 2007. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment.").

Over eight and one-half years later—on June 23, 2016—Petitioner filed a § 2255 petition in which he alleged that he was no longer an armed career criminal in light of *Johnson* [Doc. 39]. Respondent filed a response in support urging the Court grant immediate release from prison and amend the judgment to reflect an appropriate term of supervised release [Doc. 41].

## II.  TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).  The petition's reliance on *Johnson* triggers the renewed one-year limitations period under subsection (f)(3).  *See Welch v. United States*, No. 15-6418, 2016 U.S. LEXIS 2451, at *16 (U.S. Apr. 18, 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive

rule of constitutional law made retroactively applicable on collateral review and thus triggers §

2255(h)(2)'s requirement for certification of a second or successive petition). The renewed

period began to run on June 26, 2015 and, as a result, Petitioner's motion falls safely within the

window for requesting collateral relief [Doc. 39].

## III.     STANDARD OF REVIEW AND ANALYSIS

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of

constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*,

471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th

Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and

establish a "fundamental defect in the proceedings which necessarily results in a complete

miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157

F.3d 427, 430 (6th Cir. 1998).

## IV.     ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of 10 years'

imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. § 3583(b)(2).

However, if the felon possesses the firearm after having sustained three prior convictions "for a

violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum

sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years,

18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by

imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use,

or threatened use of physical force against the person of another" (the "use-of-physical-force

clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-

3

offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

Three of Petitioner's five predicate offenses were for Florida burglary and Florida voluntary escape [PSR ¶¶ 26–28]. The former statute defines "structure" to include "the curtilage thereof," F.S.A. § 810.011(1), thereby placing "Florida's . . . burglary [offense] outside the definition of "generic burglary" set forth in *Taylor v. United States*. *See* 495 U.S. 575, 599 (1990) (explaining that the only form of burglary covered by the ACCA enumerated offense clause is "generic burglary" and defining that offense as any conviction, "regardless of its exact

4

definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime"); *see also United States v. Maidia*, No. 14-14125, 2016 WL 3000326, *2 (11th Cir. May 25, 2016) (finding Florida burglary only qualifies as a violent felony under the ACCA residual clause). The latter offense does not qualify as a violent felony under the ACCA's use-of-force clause because it does not have as an element the use, attempted use, or threatened use of violent force against another, *see Untied States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force); *see also Johnson v. United States*, 559 U.S. 133, 138 (2010) (finding Florida voluntary escape did not include an element of use or attempted use of violent physical force); *State v. Ramsey*, 475 So.2d 671 (Fla. 1985) (upholding escape conviction where suspect declined to place hands on car, opting instead to run from the scene), and does not fall within one of the provision's enumerated categories of violent felony, *see United States v. Proch*, 637 F.3d 1262, 1267–69 (11th Cir. 2011) (explaining escape only constitutes a violent felony under the ACCA's now-defunct residual clause). The *Johnson* decision thus dictates that Petitioner's Florida convictions can no longer be used to support his designation as an armed career criminal under § 924(e). As a result, Petitioner's 180 month term of imprisonment and 4 years' supervised release [Doc. 36] exceeds his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 60 months' incarceration and 1 year supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years."). As such, the Court finds that Petitioner has demonstrated a clear entitlement to relief.

5

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). For purpose of the current case, the Court finds correction of Petitioner's sentence to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## V. CONCLUSION

Petitioner has already served 121 months in prison [Doc. 41 pp. 3–4], a total exceeding the ten-year custodial maximum applicable to him post-*Johnson*. As a result, his expedited motion [Doc. 39] will be **GRANTED** and term of imprisonment will be reduced to a "time served" sentence. The order will take effect 10 days from its entry so as to give the Bureau of Prisons time to process Petitioner's release. Further, the judgment dated September 27, 2007 [Doc. 36] will be **AMENDED** to reflect a term of supervised release of 3 years. The Clerk's Office will be **DIRECTED** to prepare an amended judgment in accordance herewith.

**ORDER ACCORDINGLY.**

_____*/s/ Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

6